Pauley, W.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

STANLEY M. SCHWARTZ,

                    Defendant.

---

No. 16 Civ. 8685 (WHP)

**STIPULATION AND ORDER OF**
**SETTLEMENT AND DISMISSAL**

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order" or the "Stipulation") is entered into between the United States of America (the "United States" or "Government"), on behalf of the Social Security Administration ("SSA"), and defendant Stanley M. Schwartz ("Defendant," and together with the United States, the "Parties"), through their authorized representatives;

WHEREAS, on or about November 8, 2016, the United States filed a complaint in the United States District Court for the Southern District of New York pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and common law ("the Complaint") alleging that Defendant wrongfully retained payments of Social Security Title II Retirement Benefits ("Retirement Benefits") issued from September 3, 2002, to January 3, 2014, to his mother, who was then deceased ("the Covered Conduct");

NOW THEREFORE, in consideration of the mutual promises and obligations of this Stipulation and Order, the Parties agree and covenant as follows:

1.     The Parties agree that this Court has subject matter jurisdiction over this action, consent to the Court's exercise of personal jurisdiction over each of them, and agree that venue is proper.

2.      Defendant admits, acknowledges, and accepts responsibility for the following conduct:  Defendant retained hundreds of thousands of dollars in payments of Retirement Benefits that were issued to his mother from September 3, 2002, to January 3, 2014, after his mother was deceased, knowing that retaining these payments of Retirement Benefits was wrongful.

3.      Defendant has executed a judgment in favor of the Government, and against him, in the amount of $289,370 ("Judgment").  The Judgment is attached hereto as Exhibit A. Pursuant to this Stipulation, the Government agrees to accept $30,340, to be paid in accordance with the payment plan set forth in Paragraph 4 below ("Payment Plan"), in full satisfaction of the Judgment.  Should Defendant violate the terms of the Payment Plan, Defendant agrees that, pursuant to the procedure set forth in Paragraph 7 below, the full Judgment shall become due and payable and the Government may take action to collect on the full Judgment.

4.      Defendant shall pay to the United States five thousand dollars ($5,000) within ten (10) days of entry of this Stipulation and Order; one hundred seventy-five dollars ($175) on or before the fifteenth day of each month, between and including November 15, 2016 and February 15, 2017; and four hundred forty dollars ($440) on or before the fifteenth  day of each month, between and including March 15, 2017, and October 15, 2021 (together, the "Settlement Amount").  Defendant shall make such payment pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York.

5.      Subject to the exceptions in Paragraph 6 below (concerning excluded claims), and conditioned upon Defendant's full payment of the Settlement Amount in accordance with the Payment Plan, the United States releases Defendant from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C.

§ 3729 *et seq.*, and common law or equitable theories of conversion, payment by mistake, and unjust enrichment.

6.      Notwithstanding the releases given in Paragraph 5 of this Stipulation and Order, or any other term of this Stipulation and Order, the following claims of the United States are specifically reserved and are not released:

a.      any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

c.      any criminal liability;

d.      except as explicitly stated in this Stipulation and Order, any administrative liability; and

e.      any liability based upon obligations created by this Stipulation and Order.

7.      Defendant shall be in default of this Stipulation and Order if he fails to make any of the payments set forth in Paragraph 4 on or before their due dates.  The United States will provide written notice of the default, and Defendant shall have an opportunity to cure such default within five (5) business days from the date of delivery of the notice.  Notice of default will be sent by fax and overnight mail to the undersigned attorney for Defendant at the following address and fax number: Vallerie V. Magory, 1510 Bay Avenue, Bay Head, New Jersey 08742, (866) 456-9212.  If Defendant fails to cure his default within five (5) business days ("Uncured Default"), the full Judgment shall immediately be due and payable and may be executed on, and interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance, beginning five (5) business days after delivery of the notice of default.  In the event of an Uncured Default, Defendant agrees that in addition to taking action to collect on the

Judgment, the Government, at its option, may: (a) rescind this Stipulation and Order and reinstate the Complaint filed in this action; (b) seek specific performance of the Stipulation and Order; (c) offset the remaining unpaid balance due and owing on the Judgment from any amounts due and owing to Defendant by any department, agency, or agent of the United States; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity.  Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any State or Federal court.  In addition, Defendant shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses.  In the event that the United States opts to rescind this Stipulation, Defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent these defenses were available on the date of entry of this Stipulation and Order.

8.      In any federal criminal prosecution or federal administrative action relating to the Covered Conduct, Defendant shall not assert and waives any defenses he may have based in whole or part on any contention that, under the Double Jeopardy Clause of the Fifth Amendment to the Constitution or the Excessive Fines Clause of the Eighth Amendment to the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount or the Judgment for purposes of Internal Revenue laws, Title 26 of the United States Code.

9.      Defendant fully and finally releases the United States, and its agencies, employees, servants, and agents, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendant has asserted, could have asserted, or may assert in the future against the United States, and its agencies, employees, servants, and agents, related to the Covered Conduct, the United States' investigation and prosecution thereof, and this Stipulation and Order.

10.     Defendant represents and warrants that he has reviewed his financial situation, that he is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and that he reasonably believes that he shall remain solvent following compliance with this Stipulation.  Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendant, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendant was or became indebted on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

11.     If within 91 days of the Effective Date of this Stipulation or any payment made pursuant to this Stipulation, Defendant commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendant's debts, or seeking to adjudicate Defendant

as bankrupt or insolvent; or (b) seeking appointment of a trustee, custodian, or other similar official for Defendant or for all or part of Defendant's assets, Defendant agrees as follows:

        a.      Defendant's obligations under this Stipulation or the Judgment may not be avoided pursuant to 11 U.S.C. § 547, and Defendant shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendant's obligations under this Stipulation or the Judgment may be avoided under 11 U.S.C. § 547; (ii) Defendant was insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendant.

        b.      If any of Defendant's obligations under this Stipulation or the Judgment are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind this Stipulation and reinstate the claims in the Complaint against Defendant, and pursue any civil and/or administrative claim, action, or proceeding against Defendant that would otherwise be covered by the release in Paragraph 5 above.  Defendant agrees that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Defendant shall not argue or otherwise contend that the claim, action, or proceeding is subject to an automatic stay; (ii) Defendant shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Defendant that the Stipulation has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective

Date; and (iii) the Government has a valid claim against Defendant for the Settlement Amount and the Judgment, and the Government may pursue the claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

        c.    Defendant acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

12.    This Stipulation is intended to be for the benefit of the Parties only, and the Parties do not release any claims against any other person or entity.

13.    Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

14.    This Stipulation is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York.  For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

15.    Subject to the exceptions in Paragraph 6 and conditioned upon Defendant's timely full payment of the Settlement Amount in accordance with the Payment Plan, the United States shall dismiss with prejudice the Complaint.  The Court shall retain jurisdiction over this Stipulation and Order and each party to enforce the obligations of each party under this Stipulation.

16.    This Stipulation constitutes the complete agreement between the Parties.  This Stipulation may not be amended except by written consent of the Parties.

17.    The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

7

18.    This Stipulation may be executed in counterparts, each of which constitutes an

original and all of which constitute one and the same Stipulation. Facsimiles or pdfs of

signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

19.    The effective date of this Stipulation is the date upon which this Stipulation is

entered by this Court (the "Effective Date").


Dated:    New York, New York
          November 8, 2016


AGREED AND CONSENTED TO:

PREET BHARARA                              VALLERIE V. MAGORY
United States Attorney for the             *Attorney for the Defendant*
Southern District of New York
*Attorney for the United States*

By: _____            _____
JACOB LILLYWHITE
Assistant United States Attorney           1510 Bay Avenue
86 Chambers Street                         Bay Head, New Jersey 08742
New York, New York 10007                   Tel.: (732) 714-2690
Tel.:   (212) 637-2639                     Fax: (866) 456-9212
Fax:    (212) 637-2750


SO ORDERED:

_____                11/14/16
WILLIAM H. PAULEY III
U.S.D.J.

8